PALMER, J., concurring.
I agree with and join the majority opinion. I write separately only to underscore the importance of the fact that the defendant Greg Laviero regularly operated the excavator that caused the injuries to the plaintiff, Dominick Lucenti. As the trial court, the Appellate Court and a majority of this court have explained, it is virtually impossible to fathom **795 that Laviero would have operated the excavator on a regular basis if he was substantially certain that he would have been seriously injured from such operation. Indeed, there is nothing in the record to indicate that Laviero would have engaged in such intentionally self-destructive behavior. Although Laviero's own use of the excavator is not the only fact that leads me to conclude that the plaintiff cannot demonstrate a subjective belief by Laviero that an injury was substantially certain to result from the operation of the excavator, it is a consideration that distinguishes this case from virtually all other cases in which an employee has been able to surmount the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-275 et seq.
Accordingly, I concur.